UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:19-cr-00266-1 |
| | ) | |
| | ) | JUDGE RICHARDSON |
| STEPHEN HOUSE | ) | |

**SENTENCING MEMORANDUM ON BEHALF OF THE UNITED STATES**

COMES NOW the United States of America, by and through the undersigned Assistant

United States Attorney, Joshua A. Kurtzman, and submits this sentencing memorandum in this

matter on behalf of the United States.

The Defendant and the United States presented a plea agreement to the Court last summer

recommending a sentence of time-served followed by one year of supervised release. For the

reasons outlined in greater detail below, the United States asks this Court to accept the plea

agreement as it reflects the serious nature of the Defendant's crimes, while also accounting for the

Defendant's age and acceptance of responsibility. Accordingly, the United States recommends that

the Defendant be sentenced to time-served followed by one year of supervised release.

**APPLICABILITY OF THE SENTENCING FACTORS IN 18 U.S.C. § 3553(a)**

While a sentencing court must start any sentencing procedure with a calculation of the

applicable Guideline range, the court must then consider the argument of the parties and factors

set forth in 18 U.S.C. § 3553(a). *See Peugh v. United States*, 569 U.S. 530, 133 S.Ct. 2072, 186

L.Ed.2d 84 (2013).  The factors that the court is to consider are outlined below with a brief

discussion of their applicability or inapplicability following that follows:

## I. "the nature and circumstances of the offense and the history and characteristics of the defendant"

The offense conduct in this case is that the Defendant, as the owner of H&H Firearms and a Federal Firearms Licensee ("FFL"), along with co-defendant Henry Lehman, built "off-book" AR-15 firearms for resale. (Plea Agreement, DE #43 at ¶ 9.) In the spring of 2016, the Defendants believed that Hillary Clinton would soon be elected president and that the value of AR-15s would increase. (*Id.*) To capitalize on this forecasted price increase, the Defendant purchased 26 Anderson Manufacturing lower receivers, which with additional commercially available parts can be manufactured into fully functioning AR-15s. (*Id.*) Over time, the Defendant would add the serial numbers for these lower receivers to ATF Form 4473, which is a required form to record the transfer of a firearm, when a customer legitimately purchased a different firearm from H&H Firearms. (*Id.*) As a result, the lower receivers appeared to have been transferred to these unwitting customers and Stephen House would then remove them from his FFL Acquisition and Disposition Book. (*Id.*) Stephen House would then purchase a parts kit so his co-Defendant, Henry Lehmanm, could construct a fully functional AR-15 style rifle that the Defendants would then sell off-book (i.e. without completing an ATF Form 4473 to record the transfer of a firearm). (*Id.*) One of these off-book rifles manufactured by the Defendants was found in the trunk of a convicted felon's vehicle in Northeast Washington D. C. (*Id.*) Shortly after the discovery of this firearm, the Defendants were each interviewed by ATF agents in the presence of their attorneys and admitted to engaging in the conduct described above with approximately 25 separate firearms. (*Id.*)

The Defendant has no criminal history whatsoever and, with the exception of his significant missteps as an FFL described above, the Defendant has lived a law-abiding and productive life, which includes the development of businesses and the raising of two successful children. The Defendant's complete lack of criminal history, when coupled with the significant but short-lived criminal conduct in this case, demonstrate why the terms of the plea agreement are appropriate for this Defendant.

## II.    Considerations regarding the sentence imposed:

Section Two of 18 U.S.C. § 3553(a) deals with the requirements of any sentence to be imposed and, in turn, lists a variety of sub-factors for a court to consider in fashioning a sentence. Those include the following:

> "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2).

The United States submits that the punishment ordered should take into account the Defendant's demonstrated respect for the law throughout his life, the need for a sentence to deter future criminal conduct, and to protect the public from further crimes of the Defendant. The Defendant has demonstrated that he should no longer be able to own, trade, possess, or sell firearms as a result of the criminal conduct described above and in the Defendant's plea agreement. However, much of this misconduct can, at least to some extent, be explained and informed by the Defendant's own statements to law enforcement and his efforts to remedy his illegal conduct by recovering a majority of the illegally manufactured and distributed firearms. Accordingly, while the crime here is significant and potentially dangerous for society, the parties' plea agreement accomplishes the goals of sentencing.

3

### III. Issues with the Sentence; Policy Considerations; Restitution

The remainder of the factors described in 18 U.S.C. § 3553(a) are concerned with the kinds of sentences available to the court, the category of offense, any amendments to the guidelines, any pertinent policy statements by the U.S.S.G., a need for unwanted sentencing disparity and restitution.

The United States respectfully submits that most of these factors are not applicable to this Defendant in this case. The United States submits that the Guideline range contained in the PSR is below the statutory maximum for this offense (five years imprisonment) and that there are no amendments to the Guidelines or relevant federal statutes that apply to this Defendant. The United States notes that this sentence is not pursuant to a violation of probation or supervised release. The United States is unaware of any pertinent policy statements concerning this Defendant's charged conduct. The United States respectfully submits that the terms of the plea agreement would not constitute a disparate sentence when one considers sentences within this district, this state and the United States that have been ordered for similarly situated defendants. The United States submits that there is no restitution in this case.

### CONCLUSION

The criminal conduct of the Defendant is troubling. The introduction of illegally constructed and distributed firearms pose a problem for almost every community in the United States. Undersigned counsel respectfully submits that this court is considerate of the dangerousness of the Defendant's conduct and the Defendant's otherwise law-abiding history. Accordingly, the United States submits that the terms of the plea agreement are appropriate given the Defendant's conduct and non-existent criminal history.

Respectfully submitted,

MARY JANE STEWART
Acting United States Attorney

By:     /s/ Joshua A. Kurtzman
JOSHUA A. KURTZMAN
Assistant U.S. Attorney
110 9th Avenue South
Nashville, Tennessee 37203
Phone: (615) 401-6617
Joshua.Kurtzman@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant via CM/ECF on the 20th day of October 2021.


/s/ Joshua A. Kurtzman
JOSHUA A. KURTZMAN

5